FILED

JUL 31 2014

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COEN COMPANY, INC., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>PAN INTERNATIONAL, LTD.,<br><br>Defendant. | Case No.  14-cv-03392-JST<br><br>ORDER SETTING DEADLINE FOR DEFENDANT PAN INTERNATIONAL, LTD. TO RESPOND TO APPLICATION FOR TEMPORARY RESTRAINING ORDER AND APPLICATION TO CONDUCT EXPEDITED DISCOVERY; DIRECTING PLAINTIFFS TO SERVE DEFENDANT THROUGH COUNSEL; ISSUING ORDER TO SHOW CAUSE WHY THE COURT DOES NOT LACK SUBJECT-MATTER JURISDICTION<br><br>Re: ECF No. 14 |

Plaintiffs Coen Company, Ltd. ("Coen") and John Zink Company, LLC ("Zink") (collectively, "Plaintiffs") have filed an application for a temporary restraining order and for leave to conduct expedited discovery. ECF No. 14.  The Court hereby SETS **Wednesday, August 6, 2014, 3:00 P.M. Pacific time** as the deadline for Defendant Pan International, Ltd. ("Defendant") to file any response to the application.

The Court further ORDERS as follows:

1.  Plaintiffs are ORDERED to serve the complaint in this action, the application for a temporary restraining order and expedited discovery, all supporting declarations and materials, and a copy of this order, *by e-mail or in person*, on counsel authorized to accept service, and appear, on behalf of Defendant.  Plaintiffs shall file a declaration as soon as possible, but in any event not later than Monday, August 4, 2014, describing the efforts they have made to locate and directly communicate with such counsel.  To begin with, the Court notes that counsel based in California and counsel based in Texas

represented Defendant at least as recently as November 2010, when the same parties before the Court litigated in San Mateo Superior Court.  If those counsel do not currently represent Defendant, they may know who does.  If the Court concludes that insufficient efforts have been made to contact Defendant's current counsel, the Court may deny the application without prejudice or continue the deadline for opposition.

2. This complaint brings only state-law causes of action and arises out of a settlement agreement that disposed of litigation conducted in state court.  Plaintiffs are ORDERED TO SHOW CAUSE why this Court has subject-matter jurisdiction over the complaint.  The complaint alleges that Plaintiff Zink is an LLC, and for diversity purposes "an LLC is a citizen of every state of which its owners/members are citizens."  Johnson v. Columbia Properties Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006).  Plaintiffs' reponse to the order to show cause must state the state, or foreign, citizenships of all of Zink's owners and members.  The response should also specifically name all applicable citizenships of every party named in the complaint, and then explain, with citation to appropriate authority, why diversity jurisdiction applies.  In particular, if any owner or member of Zink is a foreign citizen, and if Plaintiffs maintain that Defendant is only a foreign citizen for diversity purposes, the response must explain why complete diversity jurisdiction is not lacking.  See, e.g., Matao Yokeno v. Sawako Sekiguchi, __ F.3d __, No. 11-17196, 2014 WL 1424453, at *1 (9th Cir. Apr. 15, 2014) ("in alienage cases," federal courts "refus[e] to hear disputes between aliens for lack of statutory jurisdiction even when a citizen party . . . is present").  Plaintiffs' response should also explain the factual basis of Plaintiffs' assertion that the applicable amount in controversy is satisfied.  The response to the order to show cause is also due on Monday, August 4, 2014.

/ / /

/ / /

/ / /

**IT IS SO ORDERED.**

Dated: 7/31/14

_____
JON S. TIGAR
United States District Judge