UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COEN COMPANY, INC., et al., <br><br> Plaintiffs, <br><br> v. <br><br> PAN INTERNATIONAL, LTD., <br><br> Defendant. | Case No. 14-cv-03392-JST <br><br> **ORDER REGARDING SUBJECT-MATTER JURISDICTION; DIRECTING DEFENDANT PAN INTERNATIONAL, LTD. TO SUBMIT FILING ADDRESSING CITIZENSHIP** |

In this action arising under diversity jurisdiction, the Court previously ordered Plaintiffs to show cause why this Court has subject-matter jurisdiction. Plaintiffs' response adequately demonstrates that Plaintiffs are citizens only of California and Kansas, and that the applicable amount in controversy is satisfied. Coen Company, Inc. and John Zink Company, LLC's Response to Order to Show Cause why the Court Does Not Lack Subject-Matter Jurisdiction ("Response"), ECF No. 22. But the citizenship, or citizenships, of Defendant Pan International, Ltd. ("Defendant") remain unclear.

Plaintiffs argue that "[a] foreign corporation like defendant Pan International, Ltd. is 'a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business.'" Response, at 3 (quoting 28 U.S.C. § 1332(c)). Plaintiffs have demonstrated that Defendant appears to be incorporated under the laws of the Seychelles, and Plaintiffs state that they are unaware of Defendant having any U.S. place of business other than in Texas. But Plaintiffs have not demonstrated that Defendant does *not* have its principal place of business in either California or Kansas.

Moreover, it is not clear that Defendant is, in fact, a corporation. In the state court litigation that preceded this action, Defendant alleged that it was a "limited partnership." Exh. A

to Declaration of Tim Webster, ECF No. 16-13. A limited partnership is a citizen of all U.S. or foreign states of which its members are citizens. Grupo Dataflux v. Atlas Global Group, LP, 541 U.S. 567, 569 (2004); Carden v. Arkoma Associates, 494 U.S. 185, 195-96 (1990). The general rule, at least for corporations, is to "draw no distinction between corporations incorporated in a state of the United States and those incorporated in a foreign country when determining the corporation's citizenship for purposes of diversity jurisdiction." Nike, Inc. v. Comercial Iberica de Exclusivas Deportivas, S.A., 20 F.3d 987, 990 (9th Cir. 1994). Other courts have considered limited partnerships organized under foreign law to be subject to the same diversity analysis as partnerships organized under American law, and have considered entities whose "organizational form is comparable" to a limited partnership to be citizens of every state of which its members are citizens. Burge v. Sunrise Med. (US) LLC, No. 13-cv-02215-PAB-MEH, 2013 WL 6467994, at *3 (D. Colo. Dec. 9, 2013); see also Ayuso v. Certain Underwriters at Lloyd's of London, No. 13-cv-1211- DDN, 2013 WL 4854742, at *4-5 (E.D. Mo. Sept. 11, 2013); Stiles v. Chattem, Inc., No. 10-cv-0598-CVE-TLW, 2011 WL 90321, at *3 (N.D. Okla. Jan. 11, 2011).

Defendant Pan International, Ltd. is hereby **ORDERED** to submit a separate filing that addresses its organizational nature for purposes of diversity jurisdiction and discloses whether it (or, if applicable, any of its members) is a citizen of either California or Kansas. That filing is due at the same time as Defendant's response to Plaintiffs' application for a temporary restraining order: **3 p.m. Pacific time on Wednesday, August 6, 2014.** Plaintiffs remain subject to an order to show cause why the Court should not dismiss this action for lack of subject-matter jurisdiction. Plaintiffs are ordered to serve a copy of this order on counsel authorized to accept service on behalf of Defendant by e-mail or in person.

**IT IS SO ORDERED.**

Dated: August 4, 2014

JON S. TIGAR
United States District Judge