**FILED**

AUG 0 8 2014

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COEN COMPANY, INC., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>PAN INTERNATIONAL, LTD.,<br><br>Defendant. | Case No. 14-cv-03392-JST<br><br>**ORDER DENYING APPLICATION FOR TEMPORARY RESTRAINING ORDER AND GRANTING LEAVE TO CONDUCT EXPEDITED DISCOVERY; ORDER GRANTING ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br><br>Re: ECF Nos. 14, 30. |

## I. INTRODUCTION

Plaintiffs Coen Company, Inc. ("Coen") and John Zink Company, LLC ("Zink") (collectively, "Plaintiffs") have filed an application for a temporary restraining order and for leave to conduct expedited discovery. ECF No. 14. The Court will deny the application for a temporary restraining order and grant Plaintiffs' request to conduct expedited discovery, as set forth more fully herein.

## II. BACKGROUND

### A. Factual Background

Plaintiffs sell combustion and steam generation equipment. Declaration of Tim Webster ("Webster Decl.") ¶ 4, ECF No. 30-3.[1] Zink has been the exclusive licensee of all of Coen's intellectual property, including its trademark registrations, since 2013. Id. ¶¶ 5, 15.

Between 1999 and 2008, Pan International, Ltd.[2] was Coen's sole sales representative in

---

[1] The Court GRANTS Plaintiffs' re-filed administrative motion to redact references to information identified in the August 6 declaration of Tim Webster. ECF No. 30. This information meets the "good cause" standard for sealing, and the sealing request is "narrowly tailored to seek sealing only of sealable material." Civ. L.R. 79-5(b).

[2] Plaintiffs call this entity "Pan," while Pan International, Ltd., LLC refers to this entity as "Pan

the People's Republic of China. Id. ¶ 5.  Coen officials understood Zhou Pei to be a "principal" with Pan International, Ltd. Id. ¶ 6; Declaration of Shuxing (William) Li ("Li Decl.") ¶ 4, ECF No. 16-19.  In 2006, Coen learned that an entity known as Beijing Fanying Technological Development Co., Ltd. ("Beijing Pan"[3]) had registered a "COEN + Design" trademark ("the trademark") with the Chinese Trademark Office ("CTO").  Webster Decl. ¶ 6.  Coen's President and CEO declares that he confronted Zhou Pei about these events and that she explained that Beijing Pan was her husband's company and that the registration had been filed to protect Coen's interests. Id.  A Zink employee, Shuxing Li, believed Zhou Pei to be married to Cheng Jianhai at least as of 2007, and Cheng Jianhai is listed in the records of the Beijing Administration for Industry and Commerce as being the Chairman, General Manager, and Legal Representative of Beijing Pan.  Li Decl. ¶ 4; Declaration of William D. Fisher ¶ 3, n.2, ECF No. 16-18.

Coen informed Pan International, Ltd. that Coen owned the intellectual property rights to the trademark, and in January 2007 Coen and Beijing Pan executed an application assigning the rights to the trademark and its accompanying registration (Chinese trademark registration number 422110, the "'110 Registration") to Coen.  Webster Decl. ¶¶ 7-8.  On or about October 24, 2008, Beijing Pan applied to the CTO to transfer the '110 Registration from Coen back to Beijing Pan. Fisher Decl. ¶ 7, and Exhibit A thereto.  The application was signed by Carlos Bravo on behalf of Coen. Id.  According to Coen, Mr. Bravo's employment with Coen terminated on November 2, 2007, and so at the time of the application he was no longer authorized to act for Coen in any capacity.  Webster Decl. ¶ 9.  Coen claims that it "had no knowledge, and never approved, of the assignment of any of its trademarks to Pan [International, Ltd.] or Beijing Pan, and never received notice of any such assignment." Id. ¶ 17.

After their sales agreement terminated in January 2008, Coen and Pan International, Ltd. disputed a number of issues, including commissions, outstanding warranty retentions, service claims, amounts allegedly owed relating to the trademark and the '110 Registration, and amounts owed for retained goods. Id. ¶ 11.  In March 2009, Pan International, Ltd. initiated a lawsuit

---

Seychelles."  The Court will use the full name of this entity.
[3] Pan International, Ltd., LLC refers to this entity as "Beijing S&T."

United States District Court
Northern District of California

1   against Coen in Yolo Superior Court, which was later transferred to San Mateo Superior Court.

2   Id. ¶ 12, and Exhibit A thereto (Complaint in Pan International, Ltd. v. Coen Company, Inc., Case

3   No. CIV 486308).  In that action, Pan International, Ltd. alleged that it was "a Seychelles limited

4   partnership and is in the business of importing and exporting goods to and from the Republic of

5   China." ¶ 1 of Exh. A to Webster Decl.

6        Meanwhile, the CTO approved Beijing Pan's application for registration of the trademark

7   in July 2009, and Beijing Pan recorded the '110 Registration with Chinese Customs in February

8   2010.  Fisher Decl. ¶¶ 8-9.

9        In November 2010, Coen and Pan International, Ltd. entered into a settlement agreement to

10  resolve the state-court lawsuit.  Webster Decl. ¶ 14 and Exhibit B thereto.  Under Paragraph 4 of

11  the Settlement Agreement, Pan International, Ltd. agreed "to defend, indemnify, and hold Coen

12  harmless from any future claims, liens, demands, causes of action, obligations, damages, or

13  liabilities which are the subject of this Release."  Exh. B to Webster Decl.  Under Paragraph 7 of

14  the Settlement Agreement, "the Parties covenant that they will not directly or indirectly encourage

15  or aid, except as required by due legal process, the commencement or prosecution of, against Pan

16  [International, Ltd.], Coen, or Coen Canada, any action or proceeding based upon any claims,

17  liens, demands, causes of action, obligations, damages or liabilities which are the subject of this

18  Agreement."  Id.  The settlement agreement appears to have been signed by Zhou Pei.  Compare

19  Exh. B to Webster Decl. (unnamed signature on behalf of Pan International, Ltd.), at Page 7, with

20  Declaration of Zhou Pei ("Zhou Decl."), at Page 2, ECF No. 27-1 (signature of Zhou Pei).

21       Throughout the parties' course of dealing, Coen understood Pan International, Ltd. to be in

22  a position to control, or at least to be affiliated with, Beijing Pan.  Webster Decl. ¶¶ 6, 21; Li Decl.

23  ¶¶ 4-5.  The panintnl.com website describes the entities as "sister companies."  Exhibits D-F to

24  Declaration of Christian Mammen, ECF No. 16-5, 16-5, 16-7.

25       In January 2013, a new entity, Pan International, Ltd., *LLC*, commenced business.  Zhou

26  Decl. ¶ 3 (emphasis added).  Zhou Pei is a member of Pan International, Ltd., LLC, which

27  registered as a Texas limited liability company in 2011.  Id. ¶ 1.

28       On or about June 28, 2014, Coen received notice that the Chinese customs office had

seized a shipment of Coen products before they could be shipped out of China. Webster Decl. ¶ 16. The notice indicated that the equipment was seized because it was labeled with a mark that might infringe the '110 Registration, and Chinese Customs officials have informed Coen's counsel that Beijing Pan requested that the equipment be seized. Id.; Fisher Decl. ¶ 10. The equipment was bound for a facility in Thailand which requires it to begin installation during a scheduled outage beginning on August 23, 2014. Webster Decl. ¶ 20. Plaintiffs claim that their inability to deliver the equipment is jeopardizing their business reputation and goodwill with their customers. Id. ¶ 19.

On August 6, 2014, Zhou Pei declared that neither she, nor Pan International, Ltd., LLC, own "an equity interest in [Pan International, Ltd.] and do not hold a position as an officer, director or employee of [Pan International, Ltd.]." Zhou Decl. ¶ 4. She also states: "I am not married to any principal of . . . [Beijing Pan], including Mr. Jianhai Cheng . . . but am married to an American citizen, Timothy Johnson, and we reside in Houston, Texas." Zhou Decl. ¶ 7. She further declares:

> I do not own an equity or other ownership interest in Beijing Pan Science & Technology Co., Ltd. ("Beijing S&T"). I am not an officer or director or employee of that company. Contrary to Plaintiffs' allegations in paragraph 14 of their Complaint, Beijing Fanying Technological Development Co., Ltd is not an agent, subsidiary or affiliate of Pan Texas and to the best of my knowledge, Pan Seychelles. I do not own an interest in that company either. I am not an officer, director or employee of that company. So too, Beijing S&T is not an agent, subsidiary or affiliate of Pan Texas to the best of my knowledge, Pan Seychelles. At no time have I or Pan Texas controlled, encouraged or served as principal to Beijing S&T. Neither I or Pan Texas have ever been involved or had anything to do with the "Coen + Design" trademark or the referenced 110 Registration.

Id. ¶ 6.

### B.   Procedural History

Plaintiffs filed the complaint in this action on June 25, 2014, bringing four causes of action: for "Defense, Indemnity and to be Held Harmless Pursuant to ¶ 4 of the Settlement Agreement," for breach of contract, for conversion, and for intentional interference with contractual relations. Complaint, ECF No. 30-12. The complaint names Pan International, Ltd. as

the only Defendant. <u>Id.</u> On July 29, Plaintiffs served Zhou Pei with the summons, which listed

her as "officer and director" of Pan International, Ltd. ECF No. 20.

Plaintiffs filed the instant motion on July 30. ECF Nos. 14 & 30-15. Plaintiffs seek an

order compelling Pan International, Ltd. to:

> 1. Take all necessary steps, and/or cause Beijing Pan to take all necessary steps, to secure the release of the Coen equipment currently under seizure by Shanghai Customs,
>
> 2. Cause Beijing Pan to cease its efforts to block the exportation of the Coen equipment,
>
> 3. Defend, indemnify and hold Coen harmless for the Chinese customs seizure, and
>
> 4. Cause Beijing Pan to rescind the October 2008 recordation of the 110 Registration in Beijing Pan's name, and/or re-assign and re-record the "COEN + Design" mark and 110 Registration and any other COEN marks and registrations with the CTMO.

Proposed Order, ECF No. 16-20. Plaintiffs also seek leave to conduct expedited

discovery pursuant to Rule 26(d) of the Federal Rules of Civil Procedure, specifically to seek

documents and deposition testimony necessary to determine the relationship between Pan

International, Ltd. and Beijing Pan, the entities' involvement in the trademark reassignment

registration and the shipment seizure, and Mr. Bravo's involvement in that assignment. <u>See</u> Exhs.

A-C to Declaration of Christian Mammen, ECF Nos. 16-2, 16-3, 16-4. Plaintiffs also served this

application on Zhou Pei on August 1. ECF No. 21.

The Court set August 6, 2014, as the deadline for Defendant Pan International, Ltd. to

respond to the motion. ECF No. 17. In that order, the Court directed Plaintiffs "to serve the

complaint in this action, the application for a temporary restraining order and expedited discovery,

all supporting declarations and materials, and a copy of this order, by e-mail or in person, on

counsel authorized to accept service, and appear, on behalf of Defendant." <u>Id.</u> In response to this

order, Plaintiffs' counsel Christian Mammen contacted Mel Smith, who was listed as counsel of

record for Pan International, Ltd. in the 2009-10 state court action. Second Declaration of

Christian Mammen ¶ 3, ECF No. 19. According to Attorney Mammen, Attorney Smith "was

aware of this litigation and indicated that he has a meeting scheduled with *the defendant* to discuss

1   it." Id. ¶ 3 (emphasis added).  Declared Mammen, "[i]n connection with his representation or

2   potential representation of *defendant*, Attorney Smith agreed to receive a copy via email of the

3   papers identified in the Order." Id. (emphasis added).  Attorney Mammen followed up with an e-

4   mail to Attorney Smith stating: "We understand that you represented Pan International, Ltd. in

5   prior litigation against Coen.  You indicated today that you will be meeting with Pan over the

6   weekend, and asked that I email you a copy of the papers filed in the case." Id., Exh. A.

7       On August 6, Attorney Smith filed a response on behalf of Pan International, Ltd., LLC.

8   ECF No. 27.[4]  In it, counsel states that while Pan International, Ltd., LLC "maintain[s] a place of

9   business in Waller, Texas," Pan International, Ltd. does not. Id. Since Ms. Zhou maintains that

10  she is not an agent or officer of Pan International, Ltd., Attorney Smith argues that that entity has

11  not been properly served in conformance with Rule 4(h) of the Federal Rules of Civil Procedure.

12  Id. He further argues that Pan International, Ltd., LLC, has no relevant connection to the case. Id.

13  Plaintiffs filed a reply on August 7.  ECF No. 31.

14      **C.     Jurisdiction**

15      Plaintiffs invoke diversity jurisdiction.  Complaint ¶ 5.  In response to an order to show

16  cause, Plaintiffs filed a submission demonstrating that that Coen is a citizen of California and

17  Kansas, that Zink is a citizen only of Kansas, and that at least $75,000 is in controversy.  ECF No.

18  22.  In response to another order to show cause, Attorney Smith has declared that Pan

19  International, Ltd., LLC is a limited liability company composed of two members, neither of

20  whom are citizens of California or Kansas.  ECF No. 29.  These parties are completely diverse,

21  and this Court has jurisdiction over any disputes between them pursuant to 28 U.S.C. § 1332.

22      Pan International, Ltd. has not appeared and has not identified its citizenships.  The Court

23  nonetheless entertains Plaintiffs' application for injunctive relief because "[f]ederal courts have

24  inherent authority to preserve the status quo until the jurisdiction question is resolved." Schwarzer,

25  et al., Cal. Prac. Guide Fed. Civ. Pro. Before Trial Ch. 13-B (citing Laclede Gas Co. v. St. Charles

26

27  _____

    [4] As Attorney Smith acknowledges, since he is not a member of the bar of this Court, and has not
28  obtained local co-counsel, his appearance is in violation of the Local Rules.  Attorney Smith shall
    identify such counsel and seek *pro hac vice* status immediately.

United States District Court
Northern District of California

1    County, Mo., 713 F.3d 413, 416 (8th Cir. 2013)). Plaintiffs remain under the Court's previous

2    order to show cause, see ECF No. 23, and have leave to conduct discovery necessary to determine

3    the relevant citizenship, or citizenships, of Pan International, Ltd., for diversity purposes.

4           **D.    Legal Standards**

5                  **1.    Temporary Restraining Order**

6           The same legal standard applies to a motion for a temporary restraining order and a motion

7    for a preliminary injunction. See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co., 240 F.3d 832,

8    839, n. 7 (9th Cir. 2001). A plaintiff seeking either remedy "must establish that he is likely to

9    succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary

10   relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."

11   Am. Trucking Associations, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009)

12   (quoting Winter v. Nat. Resources Defense Council, 555 U.S. 7, 20 (2008)). Injunctive relief is

13   "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is

14   entitled to such relief." Winter, 555 U.S. at 22.

15          To grant preliminary injunctive relief, a court must find that "a certain threshold showing

16   is made on each factor." Leiva-Perez v. Holder, 640 F.3d 962, 966 (9th Cir. 2011). Provided that

17   this has occurred, in balancing the four factors, "'serious questions going to the merits' and a

18   balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary

19   injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and

20   that the injunction is in the public interest." Alliance for the Wild Rockies v. Cottrell, 632 F.3d

21   1127, 1135 (9th Cir. 2011).

22                 **2.    Expedited Discovery**

23          "A party may not seek discovery . . . before the parties have conferred as required by Rule

24   26(f) . . . except . . . when authorized by . . . court order." Fed. R. Civ. Pro. 26(d)(1). "In the

25   Ninth Circuit, courts use the 'good cause' standard to determine whether discovery should be

26   allowed to proceed prior to a Rule 26(f) conference." Rovio Entm't Ltd. v. Royal Plush Toys,

27   Inc., 907 F. Supp. 2d 1086, 1099 (N.D. Cal. 2012). "Good cause may be found where the need for

28   expedited discovery, in consideration of the administration of justice, outweighs the prejudice to

1    the responding party." <u>Semitool, Inc. v. Tokyo Electron Am., Inc.</u>, 208 F.R.D. 273, 276 (N.D.

2    Cal. 2002).

3    **III.    ANALYSIS**

4         Plaintiffs sensibly point out that Pan International, Ltd., LLC "fails to explain how a non-

5    party can inject itself into a lawsuit for the purpose of opposing a complaint and motion that have,

6    as . . . [Pan International, Ltd., LLC] claims, nothing to do with the non-party." Plaintiffs' Reply

7    in Support of Temporary Restraining Order at 2, ECF No. 31. But while it is easy to see why

8    Coen suspects that there is a close relationship between Pan International, Ltd., Pan International

9    Ltd., LLC, and the entity that actually executed the challenged assignment and registration,

10   Beijing Pan, there is no evidence as of yet to conclusively establish that fact. Because of this,

11   Plaintiffs have failed to demonstrate a likelihood of success on the merits of their claims sufficient

12   to justify the "extraordinary remedy" of emergency injunctive relief.[5]

13        Pan International, Ltd., LLC offers no opposition to Plaintiffs' request to conduct

14   expedited discovery. The Court finds that there is good cause to allow such discovery, since the

15   complicated organizational nature of the Pan entities appears to be obstructing Plaintiffs' efforts to

16   forestall an imminent harm. The discovery Plaintiffs have prepared is addressed to Pan

17   International, Ltd., but, if Plaintiffs wish to do so, they have leave of court to modify the

18   documents appropriately so that they apply as well to Pan International, Ltd., LLC and to Zhou

19   Pei. Plaintiffs also have leave to propound the same discovery upon Pan International, Ltd.,

20   immediately upon effecting service upon that entity.[6] The proposed discovery upon Mr. Bravo is

21   also approved.

22

23   [5] While the Court does not now reach the question, the Court also notes that, whatever actions Pan
24   International, Ltd. and Beijing Pan may have taken against Plaintiffs' intellectual property rights,
     there is no evidence submitted yet that those entities have failed to "defend," "indemnify" or "hold
25   [Coen] harmless," as alleged in Plaintiffs' first cause of action. In addition, whether or not the
     relief Plaintiffs have requested would restore the parties to the *status quo ad litem*, there are
26   practical, if not legal, constraints against this Court issuing a broad injunction before trial that
     orders entities to take such proactive steps as making representations against their will to foreign
27   government agencies. The authority Plaintiffs cite in their motion papers does not support such an
     action.
28   [6] The Court does not now decide the question of whether service upon Zhou Pei or through
     Attorney Smith was sufficient to comply with Rule 4 of the Federal Rules of Civil Procedure.

United States District Court
Northern District of California

1    **IV.    CONCLUSION**

2         Plaintiffs' application for a temporary restraining order is DENIED.  Plaintiffs' request for

3    leave to conduct expedited discovery, as modified in the aforementioned analysis, is GRANTED.

4         **IT IS SO ORDERED.**

5    Dated: 8/8/2014

6                                                            JON S. TIGAR
7                                                     United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California